The bill in this case was filed to foreclose a mortgage for $10,000 made and executed by the defendant Isaac Cades, Incorporated, to one Herman J. Finn, and afterward assigned by the latter to the complainant, Silberman. The defense set up in the answer filed in the cause was that, although this corporation had executed the bond and mortgage, the real debtor was not the corporation, but was Isaac Cades individually, who was the beneficial owner of the mortgaged premises, although the title stood in the name of the corporation; that the loan, to secure the payment of which the bond and mortgage were given, was made to Cades, and not to the corporation, and was not made by Finn, the obligee and mortgagee named in those instruments, but by the complainant, Silberman, Finn being a mere dummy in the transaction; that the amount actually loaned by Silberman to Cades was not $10,000, but only $8,500; that the corporate defendant was formed and the mortgaged premises conveyed to it for the sole purpose of preventing Cades from setting up usury as a defense against Silberman in case default was made in the payment, such defense, by force of our statute relating to usury (4 Comp. Stat. p. 5706), not being open to a corporate defendant; and that, by reason of these facts, the complainant was only entitled to recover the money actually loaned by him to Cades after deducting from that amount the interest which had theretofore been paid upon the usurious loan.
The hearing of the case resulted in a decree in favor of the complainant for the full amount of his claim, based upon a finding that the defense of usury had not been sustained by the proofs. From that decree the defendant below has appealed to this court.
If the determination of this appeal depended upon whether or not the proofs in the case justified the finding of the vice-chancellor on the question of usury, we should be inclined to hold that they did. We do not, however, deem it necessary to decide that question. As has already been stated, the answer recites that the defendant corporation was formed *Page 576 
for the sole purpose of taking title to the lands and premises described in the bill of complaint by a conveyance made to it by Isaac Cades, who was the owner thereof, and then executing a bond and mortgage thereon to secure the repayment to Silberman of a sum of money which Cades intended to borrow from him. The answer further recites that it was not intended that the corporation should purchase or hold any property other than this, or engage in any business or exercise any corporate function whatever, except with relation to this property, and then goes on to state that, for the purpose of putting this scheme into effect, Cades and his two sons (who were the incorporators) filed in the office of the secretary of state a duly executed certificate of incorporation, which set forth that the corporation was being formed pursuant to the provisions of our Corporation act for the purpose of dealing generally in land and real estate, and buying, selling, improving, mortgaging and conveying the same and estates and interests therein. The Isaac Cades, Incorporated, the present appellant, having succeeded by means of this false and fraudulent representation in obtaining from the state a certificate of incorporation, now seeks to benefit by this fraud and to avoid its corporate obligation. This it cannot be permitted to do. So long as it remains a corporation it is controlled by the provisions of its charter. In executing a mortgage upon property the title to which stands in its name, it is exercising a power conferred upon it by that charter, and cannot successfully claim that, through the perpetration of this fraud upon the state, it has rendered inapplicable to it the provision of our statute relating to usury, which declares that no corporation shall set up the defense of usury to any action brought against it to enforce a remedy on any obligation executed by said corporation.Comp. Stat. p. 5706 § 7. In other words, it cannot by false and fraudulent misrepresentations obtain a certificate of incorporation from the state, and then repudiate the obligations which its certificate of incorporation and its organization as a corporation impose upon it. *Page 577 
For the reason indicated, the decree under review will be affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, DEAR, WELLS, JJ. 13.
For reversal — None.